IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STEPHEN E. FLEMING,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the Social Security<br>Administration,<br><br>　　　　　　Defendant. | 4:11-CV-3085<br><br>MEMORANDUM AND ORDER |

　　　　The plaintiff, Stephen E. Fleming, appeals from the denial of his claim for Social Security benefits. (Filing 1.) The first issue presented, however, is whether the Court has jurisdiction to review the decision of the Social Security Administration (SSA) denying Fleming's request. Fleming had been denied benefits before, and tried again. But the administrative law judge (ALJ) found his successive claim to be barred by res judicata, and refused to exercise his discretion to reopen the previous claim. Because such a decision is not subject to judicial review, the Court lacks jurisdiction, and the case must be dismissed.

BACKGROUND

　　　　The dispositive facts in this case are not disputed. Fleming first applied for disability benefits on October 7, 2003, alleging that he became disabled as of December 5, 1995. (T. 63.) His claim was denied. (T. 26-37.) Fleming requested a hearing, but on February 14, 2005, the ALJ concluded that Fleming was not disabled within the meaning of the Social Security Act, 42 U.S.C. ch. 7 (the Act). (T. 38, 284-86.) The ALJ found, in pertinent part, that Fleming was last eligible for benefits on December 31, 2000, and that he was not under a "disability" within the meaning of the Act at any time through the expiration of his eligibility. (T. 285-86.) On March 21, 2007, the Appeals Council of the SSA denied Fleming's request for review of the ALJ's 2005 decision. (T. 287.)

　　　　Fleming apparently did not appeal. Instead, on June 15, 2007, Fleming filed another application for disability benefits, alleging that he had become disabled as of December 5, 1995. (T. 321.) Fleming's claim was denied based on the 2005 decision. (T. 291-97.) Fleming requested a hearing, at which he

amended his alleged onset date to December 30, 2000—1 day before the last day of his eligibility. (T. 17, 474.) The ALJ[1] declined to reopen the 2005 decision, on grounds that will be explained in much more detail below. (T. 17-21.) The Appeals Council denied Fleming's request for review of the decision, and this time, Fleming appealed. (T. 9-11; Filing 1.)

## ANALYSIS

The primary issue presented is whether the Court has jurisdiction over Fleming's complaint. It is apparent that the 2005 denial of Fleming's 2003 claim became final, and Fleming does not contend otherwise. *See* filing 26. And under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action. *Baker v. General Motors Corp.*, 522 U.S. 222, 238 (1998). Specifically, res judicata applies to a Social Security claim where a claimant advances the same claim, based on the same facts and issues, from a previous proceeding in which the decision has become final. *See*, 20 C.F.R. § 404.957(c)(1); *Brown v. Sullivan*, 932 F.2d 1243 (8th Cir. 1991). There is little question that Fleming's present claim is for the same alleged impairment as his first claim, and again, Fleming does not contend otherwise. *See* filing 26.

While res judicata may bar a claimant from reasserting a claim in a subsequent proceeding, the SSA *may* choose to reopen a previous determination, either on its own initiative or at the request of the claimant. 20 C.F.R. § 404.987. Specifically, as pertinent in this case, the SSA may reopen a final determination "[w]ithin four years of the date of the notice of the initial determination" if there is "good cause . . . to reopen the case[.]" 20 C.F.R. 404.988. Good cause will be found, as pertinent, when "[n]ew and material evidence is furnished. . . ." 20 C.F.R. 404.989(a)(1).

But—and this is the critical point—the SSA's decision to deny reopening a claim is not subject to judicial review because it is a matter of agency discretion. *Robbins v. Secretary of Health and Human Servs.*, 895 F.2d 1223 (1990). A decision not to reopen is, therefore, not a final decision within the meaning of 42 U.S.C. 405(g), and a court generally does not have subject matter jurisdiction to consider it. *See Califano v. Sanders*, 430 U.S. 99 (1977). There are two exceptions. One is where a colorable constitutional challenge has been made. *See id.* There is no such challenge here.

The other exception is the one upon which Fleming relies. *See* filing 26. A final decision of the SSA denying a claim is subject to judicial review to the extent that it has *actually* been reopened, without regard to the expressed basis for the denial. *Brown, supra.* In other words, a claim may be treated as

---

[1] Different ALJs made the 2005 and 2009 decisions.

having been constructively reopened—despite statements to the contrary—when the SSA actually reconsiders the merits of the previously denied application. *See*, *King v. Chater*, 90 F.3d 323 (8th Cir. 1996); *Hudson v. Bowen*, 870 F.2d 1392 (8th Cir. 1989); *Jelinek v. Heckler*, 764 F.2d 507 (8th Cir. 1985). Fleming argues that the ALJ constructively reopened his previous claim in this case, by examining the evidence presented at his first hearing and in this one.

But the ALJ's decision clearly did not constructively reopen the first claim. Instead, an examination of the decision shows that the ALJ "merely recited the evidence accompanying the application to determine whether there were sufficient grounds to reopen the prior application." *Hudson, supra,* 870 F.2d at 1395. The ALJ's decision began by noting the finality of the previous decision and the regulatory framework for reopening that decision. (T. 17.) And although the ALJ recited the substantive propositions of law (the "five-step sequential evaluation process") used to evaluate a claimant's disability, *see Bowen v. Yuckert*, 482 U.S. 137 (1987), the ALJ did so in order to evaluate whether the evidence adduced by Fleming was "'new and material'" so as to warrant reopening the claim. (T. 20.)

Fleming had presented four reports in support of reopening the claim: two from Dr. Melvin Canell, a psychologist who opined that Fleming suffered from adjustment disorder before his eligibility for benefits expired, and two from Dr. David Shuck, a gynecologist (and cousin of Fleming's wife) who opined that Fleming's various symptoms and disability were presented before his eligibility expired. (T. 20, 398-401, 408-09, 417-30.) The ALJ found that this evidence was not new and material, explaining that

> All four of these reports are based on conversations with Mr. Fleming years after the date-last-insured. Nowhere in any of them is there any direct contemporaneous evidence of Mr. Fleming's condition before the date-last-insured. None of them includes a functional assessment as of the date-last-insured or before. The omission is crucial, because my task is not to determine whether Mr. Fleming was symptomatic before the date-last-insured, or whether he manifested before the date-last-insured a condition which is disabling today. My task is to determine what he was able to do, in spite of his impairments and symptoms, on or before the date-last-insured. Dr. Cannell's [sic] reports, and Dr. Shuck's report, do not address this question, and, under the circumstances, I doubt they possibly could. *Their nunc pro tunc approach may be appropriate in some cases, but here, [the previous ALJ's] decision lies in the way. Nowhere in this*

> *record does anyone, Drs. Shuck and Cannell [sic] included, bring forward any new evidence to allow me to reopen that decision.* The doctors simply opine, many years later, that [the previous ALJ] may have been wrong.

(T. 20.) (Emphasis supplied.) The ALJ also considered Fleming's testimony regarding his condition, but found that Fleming was simply resubmitting subjective complaints and asking the ALJ to weigh them differently than the previous ALJ presumably had. (T. 20.) This, the ALJ found, was not "'new'" evidence. (T. 20.) In the end, the ALJ concluded that Fleming's application did not demonstrate disability. (T. 21.)

Fleming emphasizes language from the ALJ's decision identifying the issue as being whether Fleming was disabled, and the conclusion as being that he was not. *See* filing 26. But the Court cannot ascribe such significance to the ALJ's use of Social Security boilerplate. It is apparent from reading the ALJ's entire decision that the determination of disability was based upon the previous decision and Fleming's failure to furnish new and material evidence. As the Eighth Circuit has explained:

> Of necessity when a social security claimant presents any claim that is arguably the same one earlier denied on the merits, the [SSA] must in fairness look far enough into the proffered factual and legal support to determine whether it is the same claim, and if so, whether it should nevertheless be reopened as a discretionary matter. That the evidence offered is "new and material" may have significance on both points. If it is sufficiently "new" it may reveal the existence of a different claim, hence the inapplicability of res judicata. Or, though "new and material" it may nevertheless be revealed as going only to establish the same claim earlier denied, so that res judicata is legally available to bar its consideration on the merits. Finally, even if merely probative of the same claim, it may be sufficiently "new and material" that, considered with other factors, it justifies reopening the claim as a discretionary matter.

*McGowen v. Harris*, 666 F.2d 60, 67 (8th Cir. 1981). But where a threshold inquiry into the nature of the evidence is followed by a specific conclusion that the evidence does not support reopening the previous claim, that inquiry should not be read as a reopening of the previous claim on the merits. *See id.* In this case, the ALJ made such a specific conclusion. The ALJ did not reweigh the evidence—he simply concluded that it was not sufficiently new

- 4 -

and material to justify reopening Fleming's previous claim. And that conclusion is not open to judicial review. *See Califano, supra.*

## CONCLUSION

A final order denying Fleming's initial claim for benefits was entered and became final, it has not been reopened, and it is res judicata as to Fleming's current claim. The SSA's decision not to reopen the initial claim cannot be judicially reviewed, so Fleming's complaint must be dismissed for lack of subject matter jurisdiction. *See id.* Accordingly,

IT IS ORDERED that:

1. Fleming's complaint (filing 1) is dismissed with prejudice.

2. A separate judgment will be entered.

Dated this 17th day of April, 2012.

BY THE COURT:

*[signature]*
John M. Gerrard
United States District Judge